FILED

JUN 25 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| GLENDA KAY MATHIS | § | |
| | § | CIVIL ACTION |
| V. | § | |
| | § | NO:W-09-CA-140 |
| THE HONORABLE ERIC K. SHINSEKI, | § | |
| SECRETARY OF VETERANS AFFAIRS | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff MATHIS, files her Original Complaint, and, in support thereof, respectfully alleges the following:

### JURISDICTION & VENUE:

1. Federal court has jurisdiction because a cause of action under 42 U.S.C. § 1981 is alleged.

2. Venue is proper in the Western District of Texas because the alleged causes of action occurred, primarily, in Temple, Bell County, Texas.

### PARTIES:

3. Plaintiff is a Black adult resident of Temple, Bell County, Texas.

4. Defendant HONORABLE SECRETARY SHINSEKI heads the U.S. DEPARTMENT OF VETERANS AFFAIRS [hereafter "VA"], which is a cabinet-level federal agency, and he is being sued in his official capacity. SECRETARY ERIC K. SHINSEKI may be served at his VA office, located at 810 Vermont Avenue, Room 1000, NW, Washington, DC 20420.

### FACTUAL BACKGROUND:

5. Plaintiff worked for the VA in clerical positions since 1977; she was a File Room Supervisor between 1994 and January of 2006. She has since been working as a Medical Support Assistant, first, as a GS-6 and, then, demoted to a GS-5 as of January of 2008.

6.   In 1997, the harassment of Plaintiff by MAS (Medical Administration Service) Assistant Chief Stephen T. Hanlon resulted in a May 8, 1997, Conciliation Agreement, drafted by the Honorable Gerald K. Hinch, Deputy Assistant Secretary for Equal Opportunity. *See* Exhibit **A**. Through the Conciliation Agreement, VA promised to provide Plaintiff with "A FAIR AND EQUITABLE WORK ENVIRONMENT FREE FROM HARASSMENT OR ANY OTHER DISCRIMINATION."

7.   Plaintiff was harassed between 2000 and 2002, after Jennifer Fay became the Chief of PFSS (Patient Financial & Support Service). Besides the hostile work environment created by Chief Fay and her second-in-command, HIMS (Health Information Management System) Chief Sherry Spence, Plaintiff was also denied a promotion in January of 2002. Among other incidents, **(a)** Plaintiff was singled out and targeted for harassment both privately and in staff meetings; **(b)** Plaintiff was forced to move out of her office when she was a supervisor; **(c)** Plaintiff was denied training for advancement opportunities; **(d)** Plaintiff was assaulted by Chief Fay when Chief Fay offensively pulled Plaintiff's arm; **(e)** Plaintiff was yelled at by Chief Spence and prohibited from participating in an awards ceremony; and **(f)** Plaintiff was denied promotion to a GS-7/Target 9 Supervisory Clerk position in January of 2002, due to discrimination and favoritism.

8.   Plaintiff filed a civil rights charge with the EEOC and litigated it to a 3-day trial before the Honorable Wayne Kimball, Administrative Judge with the EEOC Dallas District. Judge Kimball found **(a)** 3 incidents of outrageous conduct by Chiefs Fay & Spence and also found that **(b)** the January, 2002, promotion was done by pre-selection but that **(c)** there was not sufficient evidence of discriminatory or retaliatory intent.

9.   Plaintiff appealed Judge Kimball's decision with the EEOC Office of Federal Operations (EEOC-OFO) based on the argument that, because of the 1997 Conciliation Agreement, Plaintiff did not need to prove discriminatory or



**DEPARTMENT OF VETERANS AFFAIRS**
DEPUTY ASSISTANT SECRETARY FOR
EQUAL OPPORTUNITY
WASHINGTON DC 20420

MAY  8 1997

Action ___OOE(orig)___
Info _____
Suspense ___5-23-97___

Mr. Dean S. Billik
Director (00)
Department of Veterans Affairs
Central Texas Veterans Health Care System
1901 South 1st Street
Temple, TX 76504

Subj:  Certification of Full Relief
       Discrimination Complaint of Glenda K. Mathis (Case No. 97-0985)

1. This is in response to your request for review of the subject complaint for Certification of Full Relief. After careful review of your request, the letter of apology to the complainant, and the formal complaint, this Office concludes that your offer does not constitute full relief. Full relief requires ensuring that: 1) the alleged inappropriate conduct towards the complainant ceases and that Mr. Hanlon is counseled on matters pertaining to the prevention of harassment in the workplace; and 2) the complainant is provided with a fair and equitable work environment.

2. We hereby certify that the following provisions constitute an offer of full relief regarding Ms. Mathis' complaint:

     a. Ensure that the alleged inappropriate conduct by Mr. Stephen T. Hanlon towards the complainant will cease immediately and that he is counseled regarding VA policy pertaining to the prevention of harassment (sexual and non-sexual) in the workplace.

     b. Provide the complainant with a fair and equitable work environment free from harassment or any other discrimination based on race, color, religion, sex, national origin, age, disability, or reprisal for filing this complaint.

3. If you agree to these terms, please offer these provisions to the complainant along with a copy of this Certification. The complainant should be made aware that failure to accept this Settlement Agreement, within 30 calendar days of receipt, will cause her complaint to be sent to VA's Office of General Counsel (OGC) for failure to accept an offer of full relief.

**RECEIVED**
05-14-97         9:25am
(Date)          (Time)
EEO OFFICE



PLAINTIFF'S
EXHIBIT

**A**

Page 2.

Mr. Dean S. Billik

4. The above cited changes to your offer constitute full relief. If you determine you are not willing to offer the additional provisions, you may offer your original provisions without Certification of Full Relief. However, if the complainant rejects this offer, you can not request cancellation from OGC for failure to pursue. The complainant will still have the right to complete the administrative process.

5. Please provide a report of the disposition of this case within 30 days of receipt of this letter.

Sincerely yours,

Gerald K. Hinch

retaliatory intent.  Plaintiff argued that as long as there was harassment or unfairness, the 1997 Agreement was breached and the case should go to the determination of Plaintiff's damages.

10. On August 17, 2006, EEOC-OFO, through Director Carlton M. Hadden, denied Plaintiff's Motion for Reconsideration from her 2003 administrative appeal. *See* EEOC-OFO Denial.  Plaintiff first filed an action under 42 U.S.C. § 2000e (**6:06-cv-00338-WSS**), which was dismissed for deficient service; the instant action (which is substantially similar to the first one) is being filed under 42 U.S.C. § 1981.

CAUSES OF ACTION:

11. Racial discrimination in employment under 42 U.S.C. § 1981: Defendant VA intentionally discriminated and retaliated against Plaintiff because of her race (Black) and because she filed an EEOC grievance by creating a hostile work environment, by denying promotion to the GS-7/Target 9 Supervisory Clerk position, by demoting her to GS-5, and by breaching the fairness and non-harassment provisions of the 1997 Conciliation Agreement.

12. Breach of Contract: VA breached the fairness and non-harassment provisions of the 1997 Conciliation Agreement by creating a hostile work environment, by denying Plaintiff the 2002 promotion to the GS-7/Target 9 Supervisory Clerk position, and by demoting her to a GS-5.

PRAYER FOR RELIEF:

WHEREFORE, PREMISES CONSIDERED, Plaintiff would like to respectfully request that:

a. A trial be held before a **jury**;

b. Defendant VA pay Plaintiff $500,000 (including back-wages, front-wages, and attorney's fees for the administrative phase of the litigation) in compensatory damages;

c.  Defendant pay Plaintiff reasonable and necessary attorney's fees and expert witness fees; and

d.  Defendant pay Plaintiff interest, court costs, and any other relief that she may be justly entitled to.

Respectfully submitted,

*Glenda K. Mathis*

Glenda K. Mathis
Plaintiff pro se
P.O. Box 1252,
Temple, Texas 76503
254-773-7634